JOURNAL ENTRY AND OPINION
{¶ 1} Cynthia Austin appeals her conviction on two counts of felonious assault, in violation of R.C. 2903.11, following a bench trial. Austin claims the trial court's verdict was against the manifest weight of the evidence. After reviewing the record and for the reasons set forth below, we affirm Austin's convictions.
 {¶ 2} On November 2, 2002, the victim, Aaron Beale, went with Eddie Glass to visit Glass's nephew, Iammett Johnson, who is Austin's boyfriend. Austin was at Johnson's home when they got there. Once at Johnson's house, Beale, Glass, Johnson, and Austin consumed alcohol until they were intoxicated. Before Beale and Glass arrived, Austin and Johnson had argued about Beale coming to their house; Austin did not like Beale.
 {¶ 3} The group decided to visit the upstairs neighbor, Lavetta Williams. Once upstairs, an argument started in the living room between Beale and Glass, which led to a physical fight. Johnson, upset that Beale was fighting with his uncle, who was much older and smaller than Beale, intervened in the fight.
 {¶ 4} Beale started to fight with Johnson and placed him in a headlock. Austin told Beale to release her boyfriend and started to hit Beale in the head with some keys. Austin then went to the kitchen, retrieved a steak knife and stabbed Beale in the back. Austin swung the knife again, almost striking Beale in the neck.
 {¶ 5} At this time, Glass, Johnson and Austin were all attacking Beale. Austin went to the kitchen again, retrieved a pot, and struck Beale on the head. The impact knocked Beale to the floor. Williams went to her bedroom and woke her husband, Malcom. Malcom came into the living room, grabbed Beale from the floor and pushed him out the front door. Beale walked up the street to a local bar and called an ambulance.
 {¶ 6} As a result of the attack, Beale suffered a stab wound to the back of his shoulder; he also received fourteen staples in his head to close the wound caused from being struck with the pot.
 {¶ 7} On April 16, 2003, the Cuyahoga County Grand Jury indicted Austin on two counts of felonious assault, in violation of R.C. 2903.11, a felony of the second degree. On October 3, 2003, a bench trial commenced, and the trial judge found Austin guilty of both counts of felonious assault. On November 6, 2003, the trial court sentenced Austin to two years imprisonment on each count of felonious assault; the sentences were ordered to run concurrently.
 {¶ 8} Austin (the "appellant") brings this timely appeal and presents one assignment of error for review: "The trial court erred when it found the appellant guilty of two counts of felonious assault when the weight of the evidence did not support such a verdict."
 {¶ 9} In her sole assignment of error, the appellant claims the trial court erred when it found her guilty of felonious assault because all of the eye witnesses told different and inconsistent stories as to the events of November 2nd. Specifically, Williams and Johnson testified it was Glass who stabbed Beale, not the appellant.
 {¶ 10} To warrant reversal of a verdict under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997-Ohio-52.
 {¶ 11} At trial, Beale testified that he clearly saw the appellant come at him with a knife. He stated he felt a sharp pain in his shoulder and turned to see the appellant standing behind him with a knife; he was unaware at the time that he had been stabbed. He then testified that he saw the appellant swing the knife at him again, barely missing his neck. Beale also testified that the appellant had previously hit him in the face with some keys and had finished him off by striking him on the head with a pot. Beale stated that he saw Glass lying on the floor in front of him when he was stabbed in the back.
 {¶ 12} Beale testified that the appellant was angry with him because, on a previous occasion, he had called the police on her after she had stabbed Johnson in the chest, arm, and back with a kitchen knife during a fight. Johnson did not file charges against the appellant as a result of that incident.
 {¶ 13} Williams is the appellant's upstairs neighbor and friend. She testified she saw Glass after the fight with a broken steak knife in his hand Williams stated that Glass must have stabbed Beale because the appellant was standing with her during the entire fight. She stated that after the fight, she took the knife from Glass, wrapped it in newspaper and threw it in the trash. Williams testified that the appellant did not participate in the fight at all. Williams stated she did not actually see Glass stab Beale. Overall, Williams's testimony was vague and inconsistent within itself.
 {¶ 14} Johnson has been the appellant's boyfriend for thirteen years. He testified that Glass must have stabbed Beale; however, he further testified that he did not actually see Glass stab Beale. Johnson stated he saw Glass go into the kitchen and return with a small knife in his hand He testified that the appellant was trying to break up the fight between Glass and Beale. While testifying, Johnson kept changing or could not remember where the appellant and Glass were standing in the room with relation to Beale.
 {¶ 15} Glass, who is Johnson's uncle, stated that he did not stab Beale. Glass stated that he has been friends with Beale for two years. Glass testified he observed the appellant hitting Beale in the head with some keys, but did not see her stab Beale or hit him on the head with a pot.
 {¶ 16} Detective Torok testified that Williams kept avoiding him and would not give a statement. The detective also testified that when he was interviewing Glass, who was in jail on a CCW charge, Glass stated that Johnson had called him and told him to say nothing about the stabbing to the police. Glass further stated that Johnson told him to tell the police that he had a black out and could not remember anything about the stabbing.
 {¶ 17} The trial court found Beale's testimony to be credible. (Tr. at 150.) The trial court further found that the testimony of Lavetta Williams and Iammett Johnson was not credible. The court stated their testimony was very inconsistent, and it appeared that they were fabricating their statements on the stand After reviewing the record, we agree with the trial court's assessment. Both witnesses were very vague in their testimony and frequently changed their recollections as to what had occurred.
 {¶ 18} After reviewing the entire record, weighing the evidence, and considering the credibility of the witnesses, we cannot say that the trial court clearly lost its way in finding the appellant guilty of felonious assault.
 {¶ 19} Judgment affirmed.
 {¶ 20} It is ordered that appellee recover from appellant costs herein taxed.
 {¶ 21} The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and McMonagle, J., Concur.